## MAYER BROS. CO. v. BRICCA et al.

### (Supreme Court, Appellate Term. April 8, 1910.)

PARTNERSHIP (§ 35*)—ACTION AGAINST—DENIAL OF MEMBERSHIP—ESTOPPEL—
REQUISITES.

In an action against two brothers as copartners for goods sold, where one of them denied that he was a partner, to estop him plaintiff should prove that he held himself out as such, and the fact that he advised his brother to buy the goods in the presence of plaintiff's salesman, and was present when the sale was made, and when his brother directed the bill to be sent to the firm, was insufficient to charge him as a partner.

[Ed. Note.—For other cases, see Partnership, Dec. Dig. § 35.*]

Appeal from Municipal Court, Borough of Manhattan, First District.

Action by the Mayer Bros. Company against Alfred J. Bricca and Louis Bricca as copartners. Judgment for plaintiff, and Alfred J. Bricca appeals. Reversed, and new trial ordered.

Argued before SEABURY, LEHMAN, and GAVEGAN, JJ.

John F. O'Neil (Lemuel Skidmore, of counsel), for appellant.
Goldsmith & Rosenthal, for respondent.

SEABURY, J. This action was brought against Alfred J. Bricca and Louis Bricca as "copartners doing business under the firm name and style of Bricca Bros.," to recover the purchase price of a barrel of whisky. The defendant Alfred J. Bricca alone appeals from the judgment rendered in favor of the plaintiff.

The appellant proved that he was not a member of the partnership of Bricca Bros. The respondent claims, however, that the appellant is liable because he held himself out as a partner. The evidence does not support this contention. To have estopped the appellant from denying the liability alleged, the respondent should have proved that the appellant, "by words or acts which were calculated and intended to induce the belief of a prudent business man that he was a partner," held himself out as such. This he did not do. The fact that Alfred J. Bricca advised Louis Bricca to purchase the whisky in the presence of the plaintiff's salesman, and the further fact that he was present when the sale was made, and when Louis Bricca stated that the bill should be sent to Bricca Bros., were insufficient to charge the appellant. This is especially so in view of the fact that the plaintiff's salesman knew that Alfred J. Bricca was a municipal fireman, and never before sold goods to either Louis or Alfred Bricca.

The act of Louis Bricca and his cousin in conducting business under the name of "Bricca Bros." may have been sufficient to induce the belief that Louis Bricca and his only brother, Alfred J. Bricca, were partners; but for that act Alfred J. Bricca was not responsible.

The judgment should be reversed as to Alfred J. Bricca, and a new trial ordered, with costs to the appellant to abide the event. All concur.